UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL J.,

               Plaintiff,

   v.                                        5:23-CV-403
                                                        (GTS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

**APPEARANCES:**                                               **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER, PLLC     JUSTIN M. GOLDSTEIN,
Attorney for Plaintiff                                         ESQ.
6000 North Bailey Avenue - Suite 1A           MELISSA KUBIAK, ESQ.
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.                 SHANNON FISHEL, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's and Defendant's respective Motions

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

for Judgment on the Pleadings. Dkt. Nos. 11, 13, & 14. For the following reasons, it is recommended that Plaintiff's Motion be granted and Defendant's Motion be denied.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1977, has not worked since 2009, and completed some high school. Dkt. No. 7, Admin. Tr. ("Tr."), pp. 54, 59, 72. Plaintiff alleges disability due to learning disability, visual problems, respiratory problems, and sleep apnea. Tr. at p. 77. In May 2020, Plaintiff protectively filed an application for supplemental security income. Tr. at pp. 259-266. Plaintiff's application was denied, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 126-128, 161. On February 24, 2022, Plaintiff appeared and testified at a hearing before ALJ Joshua Menard. Tr. at pp. 45-71. On April 18, 2022, ALJ Menard issued an unfavorable decision finding that Plaintiff was not disabled. Tr. at pp. 22-38. On February 3, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-4.

### B. The ALJ's Decision

In his decision, ALJ Menard first found that Plaintiff had not engaged in substantial gainful activity since May 1, 2020, the alleged disability onset date. Tr. at p. 24. Second, the ALJ found that Plaintiff had the following severe impairments: depression, PTSD, learning disability, asthma, obesity, and a shoulder dysfunction. Tr. at p. 24. Next, the ALJ determined that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at p. 26. Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following limitations:

> [C]laimant can reach overhead bilaterally no more than occasionally. The claimant can climb ramps and stairs no more than occasionally and he can climb ladders, ropes, and scaffolds no more than occasionally. He can balance, as defined by the SCO no more than frequent and he can stoop, kneel, crouch, and crawl no more than occasionally. The claimant needs to avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants. The claimant is limited to simple, routine tasks.

Tr. at p. 31.

Fifth, the ALJ found that Plaintiff was categorized as a "younger individual," had a limited education, and had no past relevant work—making job skill transferability a non-issue. Tr. at p. 36. Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could perform several jobs existing in "significant numbers in the national economy," including marker, router, and advertising material distributor. Tr. at p. 37. Finally, the ALJ concluded that Plaintiff was not disabled as defined in the Act. Tr. at p. 38.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act, the validity of which has been recognized by the Supreme Court. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges the ALJ's RFC finding is not supported by substantial evidence because (1) ALJ Menard did not consider the consistency between several medical opinions and (2) the RFC finding lacks certain limitations. Dkt. No. 11-1, Pl.'s Mem. of Law at pp. 11-19. Meanwhile, Defendant asserts that the ALJ's analysis and ultimate decision are both supported by substantial evidence. Dkt. No. 13, Def.'s Mem. of Law at pp. 4-12.

#### A. Evaluation of Medical Evidence

##### 1. *Consistency of Medical Opinions*

The Court recommends remand for the ALJ's failure to adequately consider the consistency between several medical opinions. When evaluating medical evidence an ALJ must consider, among other factors, "the consistency of the opinion with the remaining medical evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (internal quotation marks omitted). In doing so, the ALJ "must *explicitly* apply th[is] factor[]." *Id.*; *see also Dana Marie M. v. Comm'r of Soc. Sec.*, 2022 WL 2314560, at *6 (N.D.N.Y. June 28, 2022) ("An ALJ is required to explain his or her consideration of these factors and is not entitled to generally assert that an opinion is 'consistent with' . . . the record, without further elaboration.").

To properly analyze consistency, the ALJ must conduct "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021); *see also Jennifer G. v. Comm'r of Soc. Sec.*, 2023 WL 8435991, at *9 (N.D.N.Y. Sept. 6, 2023) (remanding where the ALJ failed to "meaningfully discuss" the consistency of medical opinions). Failure to properly assess the consistency factor is procedural error subject to harmless error analysis. *See, e.g.*, *Schillo v. Kijakazi*, 31 F.4th at 75.

Here, Plaintiff correctly asserts that ALJ Menard did not consider the consistency between the medical opinions of Dr. Grassl, Dr. Shapiro, and Nurse Practitioner Smith. Pl.'s Mem. of Law at pp. 16-19. ALJ Menard rejected each of these opinions as inconsistent with Plaintiff's "longitudinal treatment." Tr. at pp. 34-35. He also discussed how each opinion was inconsistent with other findings in the record. *Id.* For instance, ALJ Menard found Dr. Grassl's opinion inconsistent with Plaintiff's

> examination findings noting that his expressive and receptive languages were adequate, his eye contact was appropriate, his thought processes were goal directed, his attention and concentration were only mildly impaired, he could do simple calculations, he could do serial 3s, and his insight and judgment were fair but he was anxious, his memory was impaired, and his intellectual functioning was below average. His hygiene was good, his memory was normal, his mood was good, his affect was good, his thought process was logical, his behavior was appropriate, and he had no delusions.

Tr. at p. 34. However, the ALJ did not discuss the consistency between the opinions of Dr. Grassl, Dr. Shapiro, and Nurse Practitioner Smith whatsoever. As Plaintiff points out, the opinions of these providers were consistent in some ways. For

example, each noted more significant limitations in areas including Plaintiff's ability to sustain concentration and attend to work than did the opinions relied upon by the ALJ. *See, e.g.*, Tr. at pp. 1896-1897, 1981-1985, & 1979. Shapiro and Grassl agreed that Plaintiff had moderate limitations regulating emotions and controlling behavior. Tr. at pp. 1896 & 1979. Both also specifically noted that Plaintiff's "psychiatric and cognitive problems . . . may significantly interfere with his ability to function on a daily basis." Tr. at pp. 1897 & 1979. While it is ultimately up to the ALJ to analyze and choose between competing medical opinions, he can do so only after properly evaluating the opinions in the record. "Eschewing rote analysis and conclusory explanations, the ALJ must discuss the crucial factors in any determination . . . with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Pamela P. v. Saul*, 2020 WL 2561106, at *5 (N.D.N.Y. May 20, 2020) (internal quotation marks omitted). Because that did not occur here remand is appropriate unless the procedural error can be deemed harmless.

### 2. Harmless Error

Here, the procedural error was not harmless. Error is harmless where proper analysis would not have altered the ALJ's conclusion and "the substance of the [regulation] was not traversed." *Scott A.C. v. Kijakazi*, 2022 WL 2965585, at *3 (N.D.N.Y. July 27, 2022). However, an ALJ commits reversable error when their decision "fail[s] to assess and articulate" medical opinions of record. *Johnathan W. v. Saul*, 2021 WL 1163632, at *7 (N.D.N.Y. Mar. 26, 2021). As follows, remand is

required if the ALJ does not appropriately "explain the . . . consistency factor[]." *Rivera v. Comm'r of Soc. Sec.*, 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020) (internal quotation marks omitted); *see also Jennifer G. v. Comm'r of Soc. Sec.*, 2023 WL 8435991, at *9-10 (remanding where the ALJ failed to "meaningfully discuss" the consistency of the medical opinions).

Here, the consistency factor between the aforementioned medical opinions was not adequately discussed. *See generally* Tr. This oversight is not harmless because, as Plaintiff properly explained, all three medical "sources opined that Plaintiff had limitations in sustaining an ordinary routine and regular attendance." Pl.'s Mem. of Law at p. 18; Tr. at pp. 1896, 1979, 1983. At Plaintiff's hearing, a vocational expert testified that competitive employment would be precluded if Plaintiff were off task up to fifteen percent of the day and/or absent from work two or more days per month. Tr. at p. 69. That said, proper evaluation of each medical opinion could alter the ALJ's assessment and ultimate disability finding. Remand is recommended on this ground. Because the ALJ will be required to reevaluate the medical opinions of record on remand, the Court need not determine whether exclusion of certain limitations in the RFC finding was appropriate. Pl.'s Mem. of Law at pp. 11-15.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 8, 2024
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge